In This Court Of Record At The United States District Court District of Massachusetts

Kemeh, Kevin Dela

    Plaintiff,

vs.

Jason Silvestri; Brian Fluery; Jacob Moisio; William Recos; Larry Flowers; Daniel Litchfield
    *in their individual capacity*,

    Defendants

Case Number:

NO TRIAL BY JURY

FILED IN CLERKS OFFICE

MAR 11 '22 AM 11:08 USDC MA

## AFFIDAVIT COMPLAINT

PLAINTIFF BRINGS HIS COURT OF RECORD TO THIS COURT IN ACCORDANCE WITH THE COMMON LAW FOR A SPEEDY TRIAL BY JUDGE.

**DIRECTIONS TO CLERK**: Plaintiff wishes for any other judge or magistrate besides Timothy S. Hillman, very important, Please and thank you.

**Jurisdiction; Federal Question: 42 U.S. Code § 1983**;
    **U.S. Constitutional torts:** fourth amendment, fifth amendment,
        ninth amendment, thirteen amendment
    **Massachusetts constitutional torts**
    **18 U.S. Code § 1361 - Government property or contracts**

**Venue**; Plaintiff, one of the people of Massachusetts, state, was injured in Massachusetts by defendants: Jason Silvestri, Brian Fluery, Jacob Moisio and William Recos;

**Plaintiff**; Kemeh, Kevin Dela
    **Address**: PO BOX 20649
        Worcester, Massachusetts 01602
    **Contact**: 774-437-8178
    **Email**: kevindelakem@gmail.com

Plaintiff is not a Citizen of the United States

**Defendants: Jason Silvestri; Brian Fluery; Jacob Moisio; William Recos**
    **Address**: 576 Pleasant Street
        Paxton, Massachusetts 01612

Police Officers of the Paxton Police Department

and

**Defendants: Larry Flowers; Daniel Litchfield**
   **Address :** 670 West Boylston Street
            Worcester, Massachusetts 01606

Police Officers of Quinsigamond Community College

## Statement Of Facts By Affidavit

**First encounter with defendants.** On July 7, 2021 Plaintiff, Kemeh, Kevin Dela; a man, was traveling in his private automobile. There was no actual crime (corpus delicti) and there was no breach of public peace. Plaintiff was simply going from Point A to Point B in his private automobile, he was not engaged in commerce with his private automobile.

Defendant; [officer] Brian Fluery turned on the emergency lights and detained Plaintiff. [Officer] Brian Fluery was armed with a pistol, he walked to plaintiff's private automobile. Brian Fluery asked plaintiff to produce a driver's license. Plaintiff told Brian Fluery he was exercising his right to travel in his private automobile. A few moments later [officer] Jason Silvestri arrived at the traffic stop. Plaintiff also told Jason Silvestri he was exercising his right to travel in his private automobile.

Defendants: [officer] Brian Fluery and Jason Silvestri [ ignored ] plaintiff's rights. Defendants continued with the traffic stop. **Defendants detain plaintiff, defendants trespassed on plaintiff's liberty, defendants seized, searched and towed plaintiff's private automobile without a warrant.**

**Second encounter with defendants.** On August 1, 2021 Plaintiff, Kemeh, Kevin Dela; a man, was traveling in his private automobile. Again, there was no actual crime (corpus delicti) and there was no breach of public peace. Again, plaintiff was simply going from Point A to Point B in his private automobile, he was not engaged in commerce with his private automobile.

Defendant; [officer] Jason Silvestri turned on the emergency lights and detained Plaintiff. [Officer] Jason Silvestri was armed with a pistol, he walked to plaintiff's private automobile. Again, Plaintiff told Jason Silvestri he was exercising his right to travel in his private automobile. [officer] Jason Silvestri ignored plaintiff's rights again.

[officer] Jacob Moisio and [sergeant] William Recos arrived at the traffic stop a few moments later. Defendants continued with the traffic stop. **Defendants detained and arrested plaintiff without a warrant. Defendants trespassed on plaintiff's liberty. Defendants seized, searched and towed plaintiff's private automobile again without a warrant. Defendants then imprisoned plaintiff without a warrant.**

**On September 8, 2021** Plaintiff, Kemeh, Kevin Dela; a man, was traveling in his private automobile. There was no actual crime (corpus delicti) and there was no breach of public peace. Plaintiff was simply going from Point A to Point B in his private automobile, he was not engaged in commerce with his private automobile.

Defendant; [officer] Larry Flowers turned on the emergency lights and detained Plaintiff. [Officer] Larry Flowers walked to plaintiff's private automobile. Larry Flowers asked plaintiff to produce a driver's license. Plaintiff handed Larry Flowers a passport card and told him that's what I use to travel. Defendant; [officer] Larry Flowers **slandered plaintiff as a terrorist**. Larry Flowers stated, "I'm not dealing with this… crap".

Defendants: [officer] Larry Flowers and Daniel Litchfield [ ignored ] plaintiff's rights and continued with the traffic stop. **Defendants detained and arrested plaintiff without a warrant. Defendants trespassed on plaintiff's liberty. Defendants seized, searched and towed plaintiff's private automobile without a warrant. Defendants then imprisoned plaintiff without a warrant.**

The following day, after the harassment from defendants, plaintiff received all his property back except the Passport Card. Plaintiff contacted defendants about the passport card. They said they did not have it, defendants inferred Worcester district court had the passport card. Plaintiff then contacted Worcester district court about the passport card. The agents of Worcester district court could not locate the passport card either.

**Larry Flowers clearly dislikes plaintiff**. During the traffic stop he **slandered plaintiff as a terrorist** for exercising his right to travel. The plate on plaintiff's private automobile was missing when he retrieved his automobile and when plaintiff received his property back from Worcester district court the passport card was also missing. Presumptions are not always true, but when a series of events line up in a convincing way it is safe to assume defendants, especially **Larry Flowers** may have conspired to confiscate or destroy passport card (federal property).

CAUSE OF ACTION: 42 U.S. Code § 1983 - Civil action for deprivation of rights

STATEMENT OF CLAIM FOR RELIEF: The United States and Massachusetts constitution protect the life, liberty and property of all men and women, including the right to travel. Defendants: Jason Silvestri; Brian Fluery; Jacob Moisio; William Recos; Larry Flowers and Daniel Litchfield trespassed on plaintiff: Kemeh, Kevin Dela's life, liberty and property. Plaintiff lost happiness, time, career opportunities and money paying to retrieve his property back. Defendants had no authority to deprive plaintiff: Kemeh, Kevin Dela of life, liberty and property in the manner they did.

PREVIEW EXHIBIT A: JUDICIAL NOTICE TO DEFENDANTS AND THE COURT

## SETTLEMENT

For trespassing on life, liberty and property multiple times (constitutional torts), plaintiff demands $1,500,000 to settle the matter.

**Notary as JURAT CERTIFICATE**

__Massachusetts__ [State] }

__Worcester__ [County] }

On this __10__ day of __March__, 20__22__ before me,

Notary Public- Massachusetts

__Kevin Kemeh__ proved to me based on satisfactory evidence to be the man whose name is subscribed to this instrument. Kemeh, Kevin Dela executed the same as the man, one of the people of Massachusetts, state, SUI JURIS DE JURE and upon his AUTOGRAPH this AFFIDAVIT shall stand as TRUTH and EVIDENCE forevermore.

I VERIFY UNDER PENALTY OF PERJURY under the lawful laws of Massachusetts and under the laws of the United States of America that this document is true and correct to my knowledge

_____
Kevin Dela Kemeh

_____
**Autograph of Jurat**

SHUBHAM GARG
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 23, 2028