**In This Court Of Record At The United States District Court District of Massachusetts**

**Kemeh, Kevin Dela**

    Plaintiff,

vs.

**Jason Silvestri; Brian Fluery; Jacob Moisio; William Recos; Larry Flowers; Daniel Litchfield**
    *in their individual capacity*,

    Defendants

**Case Number: 22-CV-40023**

FILED IN CLERKS OFFICE

**NO TRIAL BY JURY**
**Speedy Trial By Judge**

## Plaintiff's Response to Judge's Order

First, read the causes of action: 18 U.S. Code § 242 - Deprivation of rights under color of law and 42 U.S. Code § 1983 - Civil action for deprivation of rights

**As you can see 18 U.S. Code § 242 and 42 U.S. Code § 1983 is identical in terms of [civil] rights. The first complaint was 18 U.S. Code 242; the second and third complaints are 42 U.S. Code 1983, their both civil rights causes. As for the other causes of action in the first complaint plaintiff chose not to argue them because it would not help his case, if anything it would hurt it. It's natural to drop certain causes of action and go with the "better" option, there is nothing frivolous.**

Maxim of Law: Truth is expressed in an affidavit
        An unrebutted affidavit stands as truth.

**An affidavit is a man's claim under penalty of perjury that he or she has been injured or wronged unlawfully. Affidavits are with full credibility, this is why criminal complaints and criminal procedures typically require verification.**

Maxim of Law: Sacrifice is the measure of credibility.

**Sacrifice is the measure of credibility. All plaintiffs complaints, including most of his documents filled in this court are all by affidavit, meaning, under penalty of perjury. Penalty of perjury is up to five years in prison pursuant to 18 U.S. Code § 1621. It would be quite silly for plaintiff to be lying in a civil rights case with jail time on the line.**

If a man makes a claim in an affidavit to another man he or she must rebut the affidavit under penalty of perjury for the other man's claim to be considered "contested". He who does not deny admits.

**Federal Rules of Evidence Rule 602. Need for Personal Knowledge:** A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Plaintiff: Kemeh, Kevin Dela is making claims against Jason Silvestri, Brian Fluery, Jacob Moisio, William Recos, Larry Flowers and Daniel Litchfield. *Defendant's attorney: Courtney Mayo and Mark P Sutliff are not first hand witnesses, according to rule 602 they lack personal first hand knowledge of plaintiff's matter with defendants to testify. Attorneys are not first hand witnesses and they cannot testify under penalty of perjury on behalf of defendants, they can only file motions and make legal arguments.*

**All plaintiff's complaints and pleadings are under penalty of perjury, if Defendants deny any of plaintiff's claim they should simply rebut plaintiff's affidavit. As long as plaintiff's complaint remains unrebutted by defendants it shall stand as truth on the record.**

## Plaintiff has a case;

So far, 18 U.S. Code § 242 and 42 U.S. Code § 1983 is identical in terms of [civil] rights. Plaintiff chose not to argue certain causes of action in the first complaint because it would not help his case much. **Along with this plaintiff has proven through his motion for summary judgment that he has a winnable case. Read plaintiff's affidavit of involuntary servitude to support his summary judgment, filed on March 14, 2022. From the first complaint to this current complaint plaintiff is still making the same claims; "right to travel", along with other claims mentioned in his affidavit; and as long as plaintiff has a winnable case his case can't be truly considered "frivolous". However, it could be considered "frivolous" if plaintiff is not making the same claims or if he didn't have a winnable case.**

In conclusion, plaintiff's complaint should not be dismissed for "good cause". From the first complaint to this current one Plaintiff is still making the same claims; right to travel, along with other claims in his affidavits. **The complaint is with full credibility, under penalty of perjury and it truly can't be considered frivolous as long as plaintiff is making the same claims. And since the affidavit complaint is left unrebutted by defendants, it shall stand as truth.**

**Plaintiff's complaint (case) can only be considered frivolous if plaintiff is not making the same claims or if he didn't have a winnable case, but that is not the case. Plaintiff has a winnable case and he is still making the same claims.**

Plaintiff has proven through his motion for summary judgment that he has a winnable case. Defendants violated the fourth amendment, the fifth amendment, the ninth amendment, the 13th amendment and Massachusetts constitution. Dismissing plaintiff's case because of multiple causes of action is merely based on technicality. **and I quote**…"Courts will go to particular pains to protect pro se litigants against the consequences of technical errors if injustice would otherwise result." **| U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996) |**

Plaintiff does not mean to be an abusive or vexatious litigant, he will not file multiple motions nor "annoy" the court. This is plaintiff's last case against Defendants. Plaintiff will conduct himself in a professional manner from now. Courts are still for justice and plaintiff still has a winnable case. **and I quote**…"It is important that the litigant not only actually receive justice, but that he believe that he has received justice." **| Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972) |**

**Plaintiff: Kemeh, Kevin Dela has proven that his constitutional rights were violated by Defendants. "A judge is liable for injury caused by a ministerial act; to have immunity, the judge must be performing a judicial function. See, e.g., 100 U. S. 100 U. S. 339; 2 Harper & James, The Law of Torts, 1642-1643 (1956). "The presence of malice and the intention to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudices." | Pierson v. Ray, 386 U.S. 547 (1967) |, a Supreme Court case.**

**Plaintiff's complaint must not be dismissed: from the first complaint to this one plaintiff is still making the same claims. 18 U.S. Code § 242 and 42 U.S. Code § 1983 is identical in terms of [civil] rights. Plaintiff dropped and chose not to argue certain causes of action in the first complaint because it wouldn't have helped his case, and most importantly plaintiff has a winnable case, there is nothing frivolous.**

**Plaintiff's complaint should not be dismissed.**

**Notary as JURAT CERTIFICATE**

_____MA_____ [State] }

_____Worcester_____ [County] }

On this __22__ day of __March(3)__, 20__22__ before me,

Notary Public- Massachusetts

_____Kevin Dela Kemeh_____ proved to me based on satisfactory evidence to be the man whose name is subscribed to this instrument. Kemeh, Kevin Dela executed the same as the man, one of the people of Massachusetts, state, SUI JURIS DE JURE and upon his AUTOGRAPH this affidavit shall stand as TRUTH, EVIDENCE and JUDGMENT Forevermore.

I VERIFY UNDER PENALTY OF PERJURY under the lawful laws of Massachusetts and under the laws of the United States of America that this document is true and correct to my knowledge

_____
Kevin Dela Kemeh

_____Mayank_____
**Autograph of Jurat**

[Notary seal: MAYANK GUPTA, Notary Public, Commonwealth of Massachusetts, My Commission Expires June 23, 2028]